McLeese, Associate Judge,
concurring in the judgment;
I agree with the court that the case should be remanded for reconsideration of the . sanction to be imposed. Although I agree with much of the court’s analysis, I disagree on four points. I therefore concur in the judgment. ■
First, the court sets aside the Board’s finding of a violation based on Dr. Johnson’s injections into Patient O’s'tonsils. Ante at 756-57. In the court’s view, that conduct was charged as a “lack-of-documentation-of-diagnosis .violation” but im-permissibly treated as a “scope-of-practice violation.” Ante at 757. In fact, however, that conduct was charged as a failure “to conform to standards of acceptable conduct and prevailing practice,” in violation of D.C. Code § 3-1205.14(a)(26)., Moreover, the Board sustained that charge, finding that the conduct reflected a “fail[ure] to conform to standards of acceptable conduct and prevailing practices.”
*760 The Board’s reasoning seems to me sufficient to support the finding that Dr. Johnson’s injections into Patient O’s tonsils did not conform to standards of acceptable conduct and prevailing practices. In addition to noting that Dr. Johnson did not document a dental diagnosis for injecting Patient O’s tonsils, the Board indicated that (a) one of the substances injected (procaine) is no longer used in dentistry because of unwanted side effects; and (b) Dr. Johnson was a general dentist who lacked specialized training about injection of the tonsils. It is true that the Board described injection of the tonsils as outside “the scope of general dentistry.” I understand the Board to be explaining why Dr. Johnson’s injections into the tonsils of Patient 0 were contrary to “standards of acceptable conduct and prevailing practice,” in violation of D.C. Code § 3-1205.14(a)(26), not impermissibly finding an uncharged violation of D.C. Code § 3-1205.14(a)(21) (prohibiting provision of services beyond the scope of those authorized by license).
Second, the court criticizes the Board’s original decision for purporting to adopt a sanction that was identical to the sanction imposed in Virginia but that instead carried greater consequences—revocation with a five-year waiting period for possible reinstatement in the District compared to revocation with a three-year waiting period in Virginia. Ante at 757 & n.12. I see no basis for criticism of the Board’s original decision, which adopted the same basic sanction of revocation while explaining that Virginia law permitted reinstatement after three years. Moreover, the Board in its original decision emphasized that it was not
by any means obligated or compelled to accept the Virginia Decision. The Board reviews the Virginia Decision based on established precedents and reaches its own decision particularly as regards the questions of the District law and the ultimate sanction as, in its discretion, it believes appropriate in light of all relevant factors.
In any event, the reasoning of the Board’s original decision is not relevant, because we are reviewing the Board’s superseding decision, and that decision made clear that the Board was aware that revocation in the District would permit reinstatement only after five years.
Third, I do not share the court’s concerns about the Board’s decision to revoke Dr. Johnson’s license even though the Board was considering only a subset of the violations found in Virginia. Ante at 757-58. As the court acknowledges, the Board permissibly considered Dr. Johnson’s other Virginia infractions in deciding what sanction to impose. Ante at 758. Although the court states that the uncharged Virginia infractions cannot permissibly be the “driving force” behind the Board’s sanction decision, ante at 758, I am unsure what that restriction means or what basis the court has for suggesting that the Board gave undue weight to the uncharged Virginia infractions.
Finally, the court expresses concern that the Board did not “actually consider[ ] the sanction afresh” on remand. Ante at 758. In its decision on remand, the Board explained at length its reasons for révoking Dr. Johnson’s license. I see no reason to suppose that the Board was simply “redraft[ing] its conclusions to reinforce its original decision.” Ante at 757 (ellipses, brackets, and quotation marks omitted). See generally, e.g., Darden v. District of Columbia Dep’t of Emp’t Servs., 911 A.2d 410, 416 n.3 (D.C. 2006) (noting “the presumption of regularity that attaches to the actions of Board members as official actions of public officers”).